Filed 4/2/14  Roslyn Lane v. Gallagher CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| ROSLYN LANE, LLC,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>TOM GALLAGHER et al.,<br><br>    Defendants and Respondents. | D062902<br><br><br><br>(Super. Ct. No. 37-2009-00086868-<br>CU-OR-CTL) |


APPEAL from an order of the Superior Court of San Diego County, Judith F. Hayes, Judge.  Affirmed.


Wilson, Elser, Moskowitz, Edelman & Dicker, Gregory D. Hagen, Laura P. Kelly and Robert Cooper for Plaintiff and Appellant.

McCormick & Mitchell and John P. McCormick, Nicole Barvie, Konrad M. Rasmussen for Defendants and Respondents.

Roslyn Lane, LLC, (Roslyn Lane) which owns a building in the condominium project known as Bedrock Development Company Condominiums, appeals the court's order sustaining without leave to amend the demurrer of members of the Cave Street Homeowners Association (Association) board of directors sued in their individual capacities: Tom Gallagher, George Anne Marston, Chuck Buck, Herbert Mertel, Harris Brotman and Ellen Brice (collectively the directors). Roslyn Lane also appeals the court's decision to grant the motions of Association and the individual directors to strike the negligence cause of action from its operative second amended complaint.

Roslyn Lane contends the court erred because (1) Roslyn Lane has pleaded sufficient facts to sustain the cause of action for breach of fiduciary duty, and the business judgment rule does not apply; and (2) the negligence cause of action, which does not implicate the business judgment rule, was added because the court had sustained the directors' demurrer to the first amended complaint on grounds it was barred by the business judgment rule. (See *Frances T. v. Village Green Owners Assn.* (1986) 42 Cal.3d 490 (*Frances T.*) We affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts are taken from well-pleaded material allegations of the operative complaint as well as matters properly subject to judicial notice. (*City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 734, fn. 2; *Thornton v. California Unemployment Ins. Appeals Bd.* (2012) 204 Cal.App.4th 1403, 1408.)

2

*Roslyn Lane's First Amended Complaint*

In November 2011, Roslyn Lane filed a first amended complaint alleging causes of action for declaratory relief, "breach of declaration," breach of contract, accounting, and breach of fiduciary duty against Association and the directors. Roslyn Lane alleged that under the Covenants, Conditions and Restrictions (CC&R's) and the terms of a 2005 settlement agreement resulting from a prior lawsuit, Association was required to repair or maintain Roslyn Lane's building. In its prayer for relief, Roslyn Lane sought a declaration that it is entitled to have Association complete the maintenance and repairs to its common areas affecting Roslyn Lane's building, general and special damages, including lost rental income in excess of $25,000, exemplary and punitive damages, attorney fees, an accounting, and other relief deemed proper.

Association and the individual directors separately moved to strike the first amended complaint, arguing, "Because punitive damages are not available for breach of contract, the apparent vehicle for the addition of punitive damages is a new cause of action for breach of fiduciary duty which merely characterizes [Association's] conduct as willful, oppressive and done with willful and deliberate disregard for the consequences to [Roslyn Lane]. These broad and conclusory allegations are unsupported by any specifically pled facts demonstrating conduct of [Association] justifying an award of punitive damages against it." Further, each individual director demurred to the amended complaint, contending that Roslyn Lane had not pleaded specific facts giving rise to their individual liability.

3

The court granted the motions to strike, ruling Roslyn Lane had not established that each defendant was guilty of oppression, fraud or malice to support its claim for punitive damages. It also sustained the demurrers with leave to amend, ruling the complaint's allegations were uncertain, ambiguous or unintelligible, and Corporations Code section 7231 protects directors from individual liability arising from their manner of discharging their obligations. The court warned Roslyn Lane: "[I]f the complaint remains defective, the court will not entertain further leave to amend."

*Roslyn Lane's Second Amended Complaint*

In July 2012, Roslyn Lane filed a second amended complaint alleging six causes of action: declaratory relief, "breach of declaration," breach of contract, and accounting against Association alone; Roslyn Lane alleged a cause of action for breach of fiduciary duty against Association and individual directors; it also added a cause of action for negligence against both Association and directors. Roslyn Lane alleged as to all causes of action: "Under the terms and conditions of the CC&R's and the [2005] settlement agreement [Association] was obligated to make certain repairs and allow certain improvements to the property, including the following items: (a) repair of windows and related damages; (b) repair of roof and related leaks; (c) approval of air conditioning; (d) payment on electrical issues; (e) approval of building plans; and (f) point loading of building corners." (Some capitalization omitted.)

Elaborating on each claim regarding needed repairs, Roslyn Lane alleged in the second amended complaint that under the 2005 settlement agreement, Association was obligated to repair areas of dry rot by replacing the damaged wood and the window glass

4

to comply with the current building codes. Roslyn Lane continued: "[Association] performed substandard repairs to the windows and despite repeated requests and demands from the Plaintiff, negligently and/or intentionally and willfully refused to repair and/or replace the glass with tempered glass and has intentionally and willfully refused to correct these faulty repairs despite repeated requests therefor."

Regarding roof repair, Roslyn Lane contends: "The settlement agreement provides that [Association] would repair the roof in accordance with the repair proposal from Mario Zanelli and the modifications proposed by Mr. Marsh and that [Association] would entertain comments from Mr. Marsh as to repair of the roof. [¶] Despite the requirement of the settlement agreement and the general requirement for repair and maintenance of the [Roslyn Lane] roof under the CC&R's, [Association] refused to entertain the comments of Mr. Marsh and decided not to undertake the proper scope of repairs. This is true in two particulars. First, [Association] refused to slope the roof in such a way that the water would drain away from the Roslyn Lane side of the building. As a consequence, the water flows over the front of the building and down the large window walls, which are not flashed in such a way that they can keep out large amounts of water. The result is that water continues to leak into the building at the large window walls at the front of the building. Second, [Association] negligently and/or intentionally and willfully refused to install a gutter to address the overflow water on the front of the building, requiring, instead, that [Roslyn Lane] pay for such a gutter."

Regarding the air conditioning unit, the complaint alleged that under the settlement agreement, "[Association] was to consider and not unreasonably withhold its

5

approval in relation to proposals for air conditioning at locations other than the front of the Roslyn Lane Building."  Nevertheless, despite the fact experts proposed that the air conditioning unit be installed along a pedestrian side of the Roslyn Lane building, that was not done.  Rather, "On or about April 3, 2007, Herbert Mertel, acting on behalf of [Association], rejected the proposal that the air conditioning be placed anywhere other than the front of the Roslyn Lane building.  On behalf of [Association], and with the full approval of the individual Board Members [sued as defendants] Mr. Mertel identified four locations, all of which are located on the North (Roslyn Lane) side of the Roslyn Lane building."

Roslyn Lane argues the defendants owed it money under the settlement agreement:  "[Association] was to pay [Roslyn Lane] the sum of $2,842.46.  Instead of paying that amount without reservation, however, [Association] tendered that amount, along with a demand for an offset for electrical issues that were part of the settlement."  Further, "[Association] has charged [Roslyn Lane] for architectural charges allegedly incurred to Salerno Livingston Associates, an architect [Association] asserts that [Roslyn Lane] owes $1492.80 for services related to the design of the skylight installation at the Roslyn Lane building.  In point of fact, [Association] knows that those charges are unjustified, and that [Roslyn Lane's] own consultant . . . both obtained and provided the necessary information related to the skylight."

Roslyn Lane argued regarding "point loading":  "In or about September of 2005 [Association] undertook construction on the Roslyn Lane roof.  That renovation was halted shortly after it commenced, but [Association] left large stacks of oriented strand

board ('OSB') on the southwest and southeast corners of the building, and allowed water to pond on the Roslyn Lane roof for long periods of time. Despite the fact that the OSB and ponding was an open and obvious problem, and that the OSB and the water remained on the roof for not weeks but months, [Association] took no action to resolve these issues. [Roslyn Lane] eventually had to remind [Association] to remove the OSB. [Roslyn Lane] also notified [Association] that the OSB was causing 'point loading' on the corners of the building, resulting in structural deflection of these cantilevered corners."

Roslyn Lane alleged Association has refused to approve building plans Roslyn Lane submitted that were approved by the City: "Mr. Gallagher, the President of [Association], has admitted that the decision to withhold approval on Roslyn Lane renovation plans has been done in an effort to exert leverage against [Roslyn Lane] so that [Roslyn Lane] would drop its request on other issues, including the air conditioning."

Relying on the above-listed alleged failures by the directors, Roslyn Lane contends they breached their fiduciary duties, "by placing their own interests before those of [Association] and its membership, including [Roslyn Lane], and by withholding information in a pattern of discriminatory behavior toward [Roslyn Lane], and in failing to maintain adequate [Association] reserves with the result that necessary maintenance and repairs to the Roslyn Lane Building have not been performed, in derogation of their obligations under [Association] CC&R's and the [s]ettlement [a]greement."

In the second amended complaint, Roslyn Lane adds the following allegations regarding Association's and the individual directors' purported breach of fiduciary duty: (1) they failed to maintain reserves for the maintenance and repair of common area

7

improvements; (2) they failed to obtain and distribute to Association members audited financial statements, thus violating the CC&R's and certain statutes; (3) they discriminated against Roslyn Lane by delaying needed repairs and maintenance in an attempt to fix the reserve funding problem; (4) they failed to disclose the reasons for their decisions and misled Roslyn Lane regarding the reasons for their failure to undertake the maintenance and repairs; (5) they discriminatorily opted to repair a Cave Street building where all the directors live instead of repairing the Roslyn Lane building; and (6) they refused Roslyn Lane's reasonable requests for air conditioning placement that was supported by their own experts and attorneys. Roslyn Lane alleged that the foregoing claims also form the basis of the negligence cause of action.

Association and the individual directors moved to strike the second amended complaint's claims for damages, arguing insufficient facts were alleged to support its imposition. They also moved to strike the negligence cause of action because the court had not granted Roslyn Lane leave to add it. Moreover, the individual directors demurred, arguing Roslyn Lane did not plead specific facts to support causes of action for breach of fiduciary duty or negligence.

Roslyn Lane opposed the motions to strike and the demurrer, contending that its pleadings stated sufficient facts to support the breach of fiduciary duty cause of action. Roslyn Lane reiterated its allegation that [Association] "improperly use[d] the separate Roslyn Lane building as a source of funds, while refusing to perform repairs on it. In this way, it could obtain air conditioning for its own building, repair the windows on its own building and repair the roof on its own building, while leaving the [Roslyn Lane] building

8

to decay."  Roslyn Lane also reiterated its claim for punitive damages.[1]  Roslyn Lane did not seek leave to further amend the complaint regarding the breach of fiduciary duty cause of action, arguing, it had "adequately stated claims against each of the individually named Board members and those claims support a request for punitive damages."

The trial court sustained the demurrer and granted the motions to strike, reasoning that the second amended complaint failed to state sufficient facts to support the causes of action for breach of fiduciary duty and negligence.  It further found the breach of

_____

[1]     Roslyn Lane argued in opposition that its punitive damages claim was valid:  "(1) [T]he President of the Board agreed, as part of a settlement and in open court that replacement of the glass at the Roslyn Lane building would occur; (2) [Association] President and other Board members were aware that the failure to replace the glass was a violation of the Code and presented a life safety issue; (3) [Association] President, in conjunction with other Board members refused to undertake such repairs; (4) this was true even though he, and other Board members at the time, were apprised of these Code violations and the life safety issues that they presented; (5) [Association] and its Board were aware of this in part because of building inspectors and architectural experts during litigation conceded the point; (6) thus, the window repair issue may not just be one of negligence but rather one of intentionally refusing to undertake repairs; (7) Board members also admitted that waterproofing work performed around the windows was 'crappy' but refused to address the continuing water intrusion; (8) [Association] and its Board, acting in concert, concealed facts and affirmatively misrepresented the nature of their investigation in terms of [Roslyn Lane's] request for an air conditioner on the roof; (9) in concealing facts and misrepresenting them, [Association] and the Board acted in bad faith and contrary to the admissions made by their own consultants and attorneys; (10) other Board members, who joined the Board later, were aware of these facts because of correspondence between [Roslyn Lane] and the Board; (11) despite this notice, the Board continued to act intentionally, wrongfully, and in bad faith in relation to these issues; (12) [Association] and its Board wrongfully, intentionally and in bad faith withheld construction approvals; (13) [Association] Board President, Mr. Gallagher admitted in testimony that [Association] withheld approval on other issues in order to force the Plaintiff to give in on the air conditioning issues; (14) other Board members were aware of Mr. Gallagher's testimony, because correspondence was sent to them outlining these issues; and (15) once again, despite notice, the Board and [Association] intentionally, and in bad faith, refused to approve the building, causing severe economic duress to [Roslyn Lane]."

9

fiduciary duty cause of action defective under Corporations Code section 7231, *Frances T.*, *supra*, 42 Cal.3d 490 and *Ritter & Ritter, Inc. Pension And Profit Plan et al. v. The Churchill Condominium Assn.* (2008) 166 Cal.App.4th 103. In sustaining the motion without leave to amend, the court ruled, "[T]his is [Roslyn Lane's] third attempt to properly plead a cause of action against the individual board members and [it] has failed to demonstrate how the allegations could be reasonably amended to cure the defects raised by these demurrers." Finally, the court struck Roslyn Lane's negligence cause of action as being beyond the scope of its order to amend, stating: "In light of the Court's ruling on demurrer, and without the [breach of fiduciary duty] and [negligence] causes of action, there are no allegations against these moving defendants and therefore, [Roslyn Lane] may not maintain claims for punitive damages. Further, [Roslyn Lane] was not granted leave to amend to add a claim that exceeded the scope of the Court's ruling on demurrer to the [first amended complaint]."[2]

DISCUSSION

I.

"In determining whether plaintiffs properly stated a claim for relief, our standard of review is clear: ' "We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. [Citation.] We

---

[2] We grant Roslyn Lane's motion for judicial notice of the jury verdict form of the breach of contract and declaratory relief causes of action that went to trial. The verdict form indicates that Roslyn Lane prevailed on its claims of breach of the CC&R's, and Association prevailed on its claims of breach of the CC&R's. The form does not specify the basis for each party's breach of contract claim.

10

also consider matters which may be judicially noticed." [Citation.] Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. [Citation.] When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. [Citation.] And when it is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff.' " (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.) "If the complaint states a cause of action under any theory, regardless of the title under which the factual basis for relief is stated, that aspect of the complaint is good against a demurrer. '[W]e are not limited to plaintiffs' theory of recovery . . . .' " (*Quelimane Co. v. Stewart Title Guaranty Co.* (1998) 19 Cal.4th 26, 38.) We review de novo whether the complaint alleges facts sufficient to state a cause of action. (*Farm Raised Salmon Cases* (2008) 42 Cal.4th 1077, 1089, fn. 10; *CPF Agency Corp. v. Sevel's 24 Hour Towing Service* (2005) 132 Cal.App.4th 1034, 1042.) " 'A judgment of dismissal after a demurrer has been sustained without leave to amend will be affirmed if proper on any grounds stated in the demurrer, whether or not the court acted on that ground.' " (*Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1153.)

11

## II.

### *Breach of Fiduciary Duty Cause of Action*

Roslyn Lane contends that under California's liberal pleading standards, it pleaded sufficient facts to support a cause of action for breach of fiduciary duty against the individual directors. The individual directors counter: (1) all of Roslyn Lane's claims asserted in the original action were resolved by the settlement agreement and were released under that agreement, and barred by the statute of limitations; (2) neither the CC&R's nor any other law requires them to set aside adequate reserves and provide financial statements; (3) The allegations in the second amended complaint are insufficient to state causes of action as a matter of law because they are not specific enough to apprise the directors of their alleged involvement in any asserted wrongdoing.

The elements of a breach of fiduciary duty cause of action are: (1) the existence of a fiduciary duty; (2) a breach of that duty; and (3) resulting damage. (*City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1998) 68 Cal.App.4th 445, 483.)

Corporations Code, section 7231 broadly protects members of certain boards of directors from liability for their decisions under certain circumstances: "A person who performs the duties of a director . . . shall have no liability based upon any alleged failure to discharge the person's obligations as a director, including, without limiting the generality of the foregoing, any actions or omissions which exceed or defeat a public or charitable purpose to which assets held by a corporation are dedicated." (Corp. Code,

12

§ 7231, subd. (c).)[3]

The California Supreme Court has ruled that various aspects of association decision making are protected from liability:  "Where a duly constituted community association board, upon reasonable investigation, in good faith and with regard for the best interests of the community association and its members, exercises discretion within the scope of its authority under relevant statutes, covenants and restrictions to select among means for discharging an obligation to maintain and repair a development's common areas, courts should defer to the board's authority and presumed expertise."

---

[3]    In its entirety, Corporations Code section 7231 states:  "(a) A director shall perform the duties of a director, including duties as a member of any committee of the board upon which the director may serve, in good faith, in a manner such director believes to be in the best interests of the corporation and with such care, including reasonable inquiry, as an ordinarily prudent person in a like position would use under similar circumstances.  [¶]  (b) In performing the duties of a director, a director shall be entitled to rely on information, opinions, reports or statements, including financial statements and other financial data, in each case prepared or presented by:  [¶]  (1) One or more officers or employees of the corporation whom the director believes to be reliable and competent in the matters presented;  [¶]  (2) Counsel, independent accountants or other persons as to matters which the director believes to be within such person's professional or expert competence; or  [¶]  (3) A committee upon which the director does not serve that is composed exclusively of any or any combination of directors, persons described in paragraph (1), or persons described in paragraph (2), as to matters within the committee's designated authority, which committee the director believes to merit confidence, so long as, in any case, the director acts in good faith, after reasonable inquiry when the need therefor is indicated by the circumstances and without knowledge that would cause such reliance to be unwarranted.  [¶]  (c) A person who performs the duties of a director in accordance with subdivisions (a) and (b) shall have no liability based upon any alleged failure to discharge the person's obligations as a director, including, without limiting the generality of the foregoing, any actions or omissions which exceed or defeat a public or charitable purpose to which assets held by a corporation are dedicated."

(*Lamden v. La Jolla Shores Clubdominium Homeowners Assn.* (1999) 21 Cal.4th 249, 265 (*Lamden*).)

"The business judgment rule 'sets up a presumption that directors' decisions are based on sound business judgment. This presumption can be rebutted only by a factual showing of fraud, bad faith or gross overreaching.' " (*Ritter & Ritter, Inc. Pension and Profit Plan v. Churchill Condominium Assn.* (2008) 166 Cal.App.4th 103, 123.) "But a plaintiff must allege sufficient facts to establish these exceptions. To do so, more is needed than 'conclusory allegations of improper motives and conflict of interest. Neither is it sufficient to generally allege the failure to conduct an active investigation, in the absence of (1) allegations of facts which would reasonably call for such an investigation, or (2) allegations of facts which would have been discovered by a reasonable investigation and would have been material to the questioned exercise of business judgment.' . . . 'Interference with the discretion of directors is not warranted in doubtful cases.' " (*Berg & Berg Enterprises, LLC v. Boyle* (2009) 178 Cal.App.4th 1020, 1046.)

Here, the breach of fiduciary duty cause of action fails because the individual directors had no fiduciary duty to exercise their discretion one way or the other so long as their conduct conformed to the standard set out in Corporations Code section 7231. A good faith mistake in business judgment does not breach the statutory standard; therefore, Roslyn Lane's claim does not state a cause of action. (Accord, *Frances T.*, *supra*, 42 Cal.3d. at p. 514.) Specifically, Roslyn Lane's complaint alleges the repair of windows was carried out, albeit in a "substandard" way. But Roslyn Lane has not shown that the failure to carry out "proper" repairs states a cause of action for breach of fiduciary duty.

14

The situation here is akin to that in *Lamden*, *supra*, 21 Cal.4th 249, in which a homeowner sued because the homeowner's association failed to fumigate for termites. (*Id.* at p. 254.) The trial judge ruled the association "did come up with a plan," to address the problem, and although personally he might have acted sooner or differently than the association, nevertheless he deferred to the judgment of the Board, which did have a rational basis for its decision to reject fumigation. (*Id*. at p. 256.) The California Supreme Court affirmed, ruling: "[T]he Board exercised discretion clearly within the scope of its authority under the Declaration and governing statutes to select among means for discharging its obligation to maintain and repair the Development's common areas occasioned by the presence of wood-destroying pests and organisms." (*Id.* at p. 265.)

The same analysis applies to Roslyn Lane's allegation regarding the roof repair. Roslyn Lane alleges that the individual directors refused to entertain the comments of an expert and "decided not to undertake the proper scope of repairs." Roslyn Lane has not alleged why the individual directors were not entitled to exercise their business judgment and reject the experts' opinion, or what defined the "proper scope of repairs." Likewise, Roslyn Lane and the individual directors differed regarding the placement of the air conditioning unit. But the complaint does not allege facts showing that the individual directors' decision to disagree with experts was a breach of fiduciary duty. Regarding the issue of point loading, Roslyn Lane alleges that after the individual directors took no action about ponding on the roof, Roslyn Lane "eventually had to remind [Association] to remove the OSB . . . [that] was causing 'point loading' on the corners of the building, resulting in structural deflection of these cantilevered corners." Roslyn Lane does not

15

further allege what Association did or failed to do once it received Roslyn Lane's reminder. Finally, the complaint alleges Association failed to maintain reserves for maintenance and repairs and that in an attempt to fix that problem, it delayed Roslyn Lane's repairs. Therefore, without our addressing the propriety of Association having reduced reserves, the complaint appears to provide a reasonable basis for Association's decisions regarding the repairs: it prioritized certain repairs, including at the building where the individual directors live. That reasonable decision by the individual directors would be protected by the business judgment rule.

The California Supreme Court has explained the rationale for protecting directors from liability: "The policies underlying judicial creation of the common law rule derive from the realities of business in the corporate context. As we previously have observed: 'The business judgment rule has been justified primarily on two grounds. First, that directors should be given wide latitude in their handling of corporate affairs because the hindsight of the judicial process is an imperfect device for evaluating business decisions. Second, "[t]he rule recognizes that shareholders to a very real degree voluntarily undertake the risk of bad business judgment." ' " The court also has emphasized that " '[A]nyone who buys a unit in a common interest development with knowledge of its owners association's discretionary power accepts "the risk that the power may be used in a way that benefits the community but harms the individual." ' " (*Lamden*, *supra*, 21 Cal.4th at pp. 269-270.)

III.

*Negligence*

Roslyn Lane contends the court erroneously struck the negligence cause of action that it alleged in response to the court's prior ruling it had not pleaded sufficient facts to show liability for directors in their individual capacities. Roslyn Lane relies on *Frances T.*, *supra*, 42 Cal.3d. 490, in which the California Supreme Court held that the business judgment rule does not apply to claims of ordinary negligence for a director's independent torts. (*Id.* at p. 507.) Roslyn Lane adds that the trial court did not restrict the scope of its order relating to the first amended complaint: "Moreover, [Roslyn Lane] had already alleged the individual directors had acted 'negligently, and/or intentionally and/or willfully' in the commission of the acts alleged in [its first amended complaint]. The [d]irectors cannot claim that [Roslyn Lane] has changed its allegation in any significant way. Nor can they claim to have suffered any surprise or prejudice by the addition of the new cause of action, particularly in light of the jury's recent findings."

"Following an order sustaining a demurrer or a motion for judgment on the pleadings with leave to amend, the plaintiff may amend his or her complaint only as authorized by the court's order. [Citation.] The plaintiff may not amend the complaint to add a new cause of action without having obtained permission to do so, unless the new cause of action is within the scope of the order granting leave to amend." (*Harris v. Wachovia Mortg., FSB* (2010) 185 Cal.App.4th 1018, 1023.)

Here, the court ruled the negligence cause of action was not within the scope of the order granting leave to amend. We conclude the court did not err in making that

17

finding.  In any event, the facts Roslyn Lane alleges in favor of the negligence cause of action are the same as those we have concluded are insufficient to plead a breach of fiduciary duty cause of action.  Those facts also are insufficient to support a negligence cause of action.

The California Supreme Court held in *Frances T*.:  "To maintain a tort claim against a director in his or her personal capacity, a plaintiff must first show that the director specifically authorized, directed or participated in the allegedly tortious conduct [citation]; or that although they specifically knew or reasonably should have known that some hazardous condition or activity under their control could injure plaintiff, they negligently failed to take or order appropriate action to avoid the harm.  [Citations].  The plaintiff must also allege and prove that an ordinarily prudent person, knowing what the director knew at that time, would not have acted similarly under the circumstances."  (*Frances T*., *supra*, 42 Cal.3d at pp. 508-509.)  The Supreme Court clarifies that directors are not personally liable for all harm to a third party; rather, the principle of reasonableness applies:  "We are mindful that directors sometimes must make difficult cost-benefit choices without the benefit of complete or personally verifiable information.  For this reason, even if their conduct leads directly to the tortious injury of a third party, directors are not personally liable in tort unless their action, including any claimed reliance on expert advice, was clearly unreasonable under the circumstances known to them at that time.  This defense of reasonable reliance is necessary to avoid holding a director personally liable when he or she reasonably follows expert advice or reasonably

18

delegates a decision to a subordinate or subcommittee in a better position to act." (*Id.* at p. 509.)

Roslyn Lane has not alleged facts showing the individual directors' actions were clearly unreasonable under the circumstances. In light of Roslyn Lane's admission in the second amended complaint that the individual directors engaged in prioritizing of certain repairs over Roslyn Lane's, that decision suggests some reasonable basis for the individual directors' actions.

IV.

*No Showing of Grounds for Amendment*

An appellant has the burden of showing "in what manner [it] can amend [its] complaint and how that amendment will change the legal effect of [its] pleading." (*Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349.) "[L]eave to amend should *not* be granted where . . . amendment would be futile." (*Vaillette v. Fireman's Fund Ins. Co.* (1993) 18 Cal.App.4th 680, 685.)

Neither in the trial court nor on appeal has Roslyn Lane sought further leave to amend its complaint; rather, on appeal Roslyn Lane claims it had pleaded sufficient facts, and rebuts the individual directors' contrary arguments: "The Directors include an argument that [Roslyn Lane] failed to show it could cure the defects in its [second amended complaint] through amendment and, thus, failed to show that the trial court abused its discretion in denying leave to amend . . . . However, the Directors' argument misses the point . . . . [Roslyn Lane] argues that it pled sufficient facts to constitute causes of action in its [first amended complaint]."

19

We note that after Roslyn Lane pleaded the breach of fiduciary duty in two pleadings, the court expressly warned it that the demurrer to that cause of action would be sustained absent allegations of specific facts.  Nonetheless, in the second amended pleading, Roslyn Lane failed to remedy the defects the court had identified.  Likewise, in light of our above analysis, Roslyn Lane has failed to meet its burden of showing it could amend its complaint to state a valid cause of action for negligence.  Accordingly, we do not grant leave to amend.

DISPOSITION

The order is affirmed.

                                                                O'ROURKE, J.

WE CONCUR:

NARES, Acting P. J.

AARON, J.